# IN THE UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

**ALEXIS LEAH FREEMAN GIBSON as**
**Ancillary Personal Representative of**
**The ESTATE OF WYATT GARY**
**GIBSON, Deceased and ALL**
**WRONGFUL DEATH**
**BENEFICIARIES**                                                   **Plaintiff**

**vs.**                              **NO. 5:23-cv-5118-TLB**

**UL VERIFICATION SERVICES, INC.,**
**EARTHBOUND LICENSING, LLC**
**EARTHBOUND, LLC, EARTHBOUND**
**PW LLC, ROBERT BURGESS d/b/a**
**BURGESS GROUP a/k/a Bob**
**BURGESS AND ASSOCIATES,**
**MELISSA METCALFE, MANE USA,**
**INC., GALA NORTH AMERICA, INC.,**
**and JOHN DOES 1-10**                                          **Defendants**

## UL'S MOTION FOR SUMMARY JUDGMENT

Pursuant to Fed. R. Civ. P. 56, defendant UL Verification Services Inc. ("UL")

moves for summary judgment on the first amended complaint (Doc. 56) of plaintiff

Alexis Leah Freeman Gibson, as Ancillary Personal Representative of the Estate of

Wyatt Gary Gibson, and for grounds, state:

1.      Plaintiff has asserted product-liability claims against defendants

Consumer Laboratories, Inc. [1] and UL Verification Services Inc. (collectively "UL")

---

[1] By text order dated October 3, 2023 (Doc. 95), separate defendant Consumer Testing Laboratories, Inc. was dismissed, without prejudice, as a defendant herein, due to the fact that entity was merged into UL Verification Services Inc. in 2019.  To the extent Consumer Testing Laboratories, Inc. remained in this case, the arguments asserted herein apply equally to that former defendant.

under theories of negligence, failure to warn, and breach of implied warranties of merchantability and fitness for a particular purpose.

2.     UL is entitled to judgment as a matter of law on these claims.

3.     UL is not a supplier of the product at issue in this case, so it generally cannot be liable on any of plaintiff's product-liability claims.

4.     Further, the undisputed material facts demonstrate that UL was not part of a joint venture with any party related to the subject product and did not voluntarily assume a duty to plaintiff related to this product.

5.     Summary judgment should be entered in UL's favor on all claims asserted against it in plaintiff's first amended complaint.

6.     In support of this motion, UL relies upon the following:

    a.     Exhibit A, a copy of the contract between UL and Walmart;

    b.     Exhibit B, a copy of the Hardlines Test Request for pre-production testing related to the Subject Aromatherapy Product;

    c.     Exhibit C, a copy of the Hardlines Test Request for production testing related to the Subject Aromatherapy Product;

    d.     Exhibit D, a copy of the "Pre-Production-Full Testing" report related to the product line that included the Subject Aromatherapy Product;

    e.     Exhibit E, a copy of the "Pre-Production-Limited Testing" report related to the Subject Aromatherapy Product;

f.     Exhibit F, a copy of the "Production-Full Testing" report related to the product line that included the Subject Aromatherapy Product;

g.     Exhibit G, a copy of the "Production-Limited Testing" report related to the Subject Aromatherapy Product;

h.     Exhibit H, a copy of the Safety Data Sheet provided by the product supplier for the Subject Aromatherapy Product;

i.     Ex. I, a copy of the Hazardous Ingredient Identification list provided by the product supplier for the Subject Aromatherapy Product; and

j.     Exhibit J, a copy of the Certification of TSCA Compliance provided by the product supplier for the Subject Aromatherapy Product.

7.     In accordance with Local Rule 7.2, UL is filing a memorandum brief in support of this motion.

8.     In accordance with Local Rule 56.1, UL is filing a statement of undisputed material facts in support of this motion.

WHEREFORE, defendant UL Verification Services, Inc. prays that the Court grant their motion; enter summary judgment in its favor on the first amended complaint of plaintiff Alexis Leah Freeman Gibson, as Ancillary Personal Representative of the Estate of Wyatt Gary Gibson; and for all other proper relief.

Respectfully submitted,
Michelle L. Browning
Bar Number 98146
Jeffrey L. Singleton
Bar Number 98175
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808; FAX: (501) 376-9442
E-MAIL: mbrowning@wlj.com;
jsingleton@wlj.com

*Attorneys for Separate Defendant,*
*UL Verification Services Inc.*