**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**ALEXIS LEAH FREEMAN GIBSON as Ancillary Personal Representative of The ESTATE OF WYATT GARY GIBSON, Deceased and ALL WRONGFUL DEATH BENEFICIARIES** **Plaintiff**

**vs.** **NO. 5:23-cv-5118-TLB**

**UL VERIFICATION SERVICES, INC., EARTHBOUND LICENSING, LLC EARTHBOUND, LLC, EARTHBOUND PW LLC, ROBERT BURGESS d/b/a BURGESS GROUP a/k/a BOB BURGESS AND ASSOCIATES, MANE USA, INC., GALA NORTH AMERICA, INC., and JOHN DOES 1-10** **Defendants**

# BRIEF IN SUPPORT OF UL'S MOTION FOR SUMMARY JUDGMENT

## I. INTRODUCTION

Plaintiff has asserted product-liability claims against defendants Consumer Testing Laboratories, Inc. and UL Verification Services, Inc. ("UL") [1] under theories of negligence, failure to warn, and breach of implied warranties of merchantability and fitness for a particular purpose. UL is entitled to judgment as a matter of law on these claims. UL is not a supplier of the product at issue in this case, so it generally cannot be liable on any of plaintiff's product-liability claims. Further, the

[1] By text order dated October 3, 2023 (Doc. 95), separate defendant Consumer Testing Laboratories, Inc. was dismissed, without prejudice, as a defendant herein, due to the fact that entity was merged into UL Verification Services Inc. in 2019. To the extent Consumer Testing Laboratories, Inc. remained in this case, the arguments asserted herein apply equally to that former defendant.

undisputed material facts demonstrate that UL was not part of a joint venture with any party related to the subject product and did not voluntarily assume a duty to plaintiff related to this product. Summary judgment should be entered in UL's favor on all claims asserted against it in plaintiff's first amended complaint.

## II. STATEMENT OF FACTS

The "Subject Aromatherapy Product" is a "Better Homes and Gardens Essential Oil Infused Aromatherapy Room Spray with Gemstones, Lavender & Chamomile" that the decedent's parents allegedly purchased from a Walmart store located in or near Calhoun, Georgia, in early 2021. (Doc. 56, First Am. Compl. ¶ 35). Plaintiff alleges that the Subject Aromatherapy Product was "contaminated with *Burkholderia psuedomallei*." (*Id.* ¶ 86). Plaintiff alleges that the decedent's cause of death was disseminated melioidosis due to a *Burkholderia pseudomallei* infection that the decedent acquired from exposure to the Subject Aromatherapy Product in his home in Georgia. (*Id.* ¶¶ 65, 69).

UL was not, and is not alleged to have been, a supplier, manufacturer, retailer, wholesaler, distributor, vendor, or seller of the Subject Aromatherapy Product. (*Id.* ¶ 91). [redacted]

[redacted]











## III. ARGUMENT

### A. Standard of review.

A court should enter summary judgment if the evidence, viewed in the light most favorable to the nonmoving party, demonstrates that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986); *Cheshewalla v. Rand & Son Constr. Co.*, 415 F.3d 847, 850 (8th Cir. 2005). The party moving for summary judgment bears the initial responsibility of demonstrating the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party carries its burden, the nonmoving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita Elec. Indus. Co. v. Zenith Radio*, 475 U.S. 574, 587, 106 S. Ct. 1348, 1356, 89 L. Ed. 2d 538 (1985) (*quoting* Fed. R. Civ. P. 56(e)) (emphasis in original). A genuine issue for trial exists only if there is sufficient evidence to allow a jury to return a verdict for the nonmoving party. *Anderson*, 477 U.S. at 249. When a nonmoving party cannot make an adequate showing on a necessary element of the case on which that party bears the burden of proof, the moving party is entitled to judgment as a matter of law. *Celotex*, 477 U.S. at 322.

### B. UL was not a supplier of the Subject Aromatherapy Product and, therefore, cannot be liable for it.

This is a product-liability action. *See* Ark. Code Ann. § 16-116-202(5).[2] A product-liability action lies only against a "supplier," meaning someone "engaged in the business of selling a product," including "a retailer, wholesaler, or distributor." Ark. Code Ann. § 16-116-202(6). Thus, only the manufacturer or vendor of a product owe a duty of care in the design or manufacture of a product or a duty to warn or instruct consumers regarding a product. *See Int'l Harvester Co. v. Land*, 234 Ark. 682, 688–89, 354 S.W.2d 13, 18 (1962) ("It is now generally agreed that a seller, or other supplier of chattels for a consideration, may be liable for harm to the person or property of a third person who may be expected to be in the vicinity of the chattel's probable use, if he has failed to exercise reasonable care to make the chattel safe for the use for which it is supplied.") (*quoting* Prosser, *The Law of Torts* 497 (2d ed.)); AMI Civil 1001–1006 (2023 ed.). Likewise, the warranty of merchantability is "implied in a contract for sale if the seller is a merchant with respect to goods of that kind," and the warranty of fitness for particular purpose is implied "[w]here the seller at the time of contracting has reason to know any particular purpose for which the goods are required." Ark. Code Ann. §§ 4-2-314(1), -315.

---

[2] In diversity-jurisdiction cases, this Court applies the conflicts-of-law principles of the forum state to decide which substantive laws govern a given dispute. *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496 (1941). Under Arkansas conflicts principles, when there is no meaningful conflict between Arkansas law and the law of another state, then the Court applies Arkansas law to determine the merits of the case as well. *Bettis v. Bettis*, 96 Ark. App. 101, 102, 239 S.W.3d 5, 6 (2006). Here, plaintiff's first amended complaint expressly relies on Arkansas law, so this motion, too, is premised on Arkansas law. *See, e.g.*, Doc. 56, First Am. Compl. ¶ 189. However, UL reserves the right to timely request the application of another state's law to any issue in dispute.

UL was not, and is not alleged to have been, a supplier, manufacturer, retailer, wholesaler, distributor, vendor, or seller of the Subject Aromatherapy Product. (*Id.* ¶ 91).



UL is entitled to judgment as a matter of law.

**C. UL was not involved in a joint venture regarding the Subject Aromatherapy Product.**

Plaintiffs' first amended complaint also includes allegations that "Defendants, including but not limited to GALA and Metcalfe" were involved in a "joint venture to bring the Subject Aromatherapy Product to U.S. consumers." (Doc. 56, First Am. Compl. ¶ 49). To the extent this allegation is even asserted against UL, it is wholly without merit.

Under Arkansas law, "a joint venture must have the elements of a partnership." *Nat'l Bank of Commerce (of El Dorado) v. HCA Health Servs. of Midwest, Inc.*, 304 Ark. 55, 59, 800 S.W.2d 694, 697 (1990). A joint venture is not shown by ordinary business transactions, like a loan or the contract between UL and Walmart. *See Burge v. Pack*, 301 Ark. 534, 537, 785 S.W.2d 207, 208 (1990). Instead, a joint venture must include an agreement to share in control and in

profits. *Tackett v. Gilmer*, 254 Ark. 689, 692, 496 S.W.2d 368, 371 (1973). Under Arkansas law, both members of a joint venture must have "an equal right to direct and govern the movements and conduct of each other in respect to the common object and purpose of the undertaking." *Neal v. JB Hunt Transport, Inc.*, 305 Ark. 97, 101, 805 S.W.2d 643, 645 (1991). On profits, it is not enough to simply say that the arrangement was profitable for both alleged joint venturers. The Arkansas Supreme Court rejected a similar argument 50 years ago. *See Tackett*, 254 Ark. at 692, 496 S.W.2d at 371 ("While the swapping of work, according to both men, was mutually beneficial, there was no agreement to share in a fixed proportion of profits."). As the Arkansas Supreme Court explained, "The profit accruing must be joint and not several. Otherwise every person, firm or corporation who furnishes materials or supplies in connection with an enterprise might be termed joint venturers, whether or not they had any such intention." *Id.* at 694, 496 S.W.2d at 372.

[redacted]

**D. UL did not undertake any duties to test for or otherwise discover, correct, or warn against the presence of *Burkholderia pseudomallei* in the Subject Aromatherapy Product.**

Arkansas law requires plaintiff to plead and prove an "express agreement or assumption of duty by conduct" to create a duty where none otherwise exists. *See Lacy v. Flake & Kelley Mgmt., Inc.*, 366 Ark. 365, 367, 235 S.W.3d 894, 896 (2006). UL did not assume a duty related to the Subject Aromatherapy Product either by an express agreement or by its conduct.

[redacted]

[redacted]

[redacted] As such, whether by express agreement or by its conduct, UL did not assume any relevant duty to plaintiff in this case.

## IV. CONCLUSION

For the reasons stated above, there are no genuine issues of material fact, and UL is entitled to judgment as a matter of law. UL's motion should be granted, and summary judgment should be entered in UL's favor on the plaintiff's complaint.

Respectfully submitted,
Michelle L. Browning
Bar Number 98146
Jeffrey L. Singleton
Bar Number 98175
WRIGHT, LINDSEY & JENNINGS LLP
200 West Capitol Avenue, Suite 2300
Little Rock, Arkansas 72201-3699
(501) 371-0808; FAX: (501) 376-9442
E-MAIL: mbrowning@wlj.com;
jsingleton@wlj.com

*Attorneys for Separate Defendant,*
*UL Verification Services Inc.*