IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | |
|---|---|
| ALEXIS LEAH FREEMAN GIBSON as Ancillary Personal Representative of the ESTATE OF WYATT GARY GIBSON, Deceased and ALL WRONGFUL DEATH BENEFICIARIES,<br><br>Plaintiffs,<br><br>vs.<br><br>CONSUMER TESTING LABORATORIES, INC., UL VERIFICATION SERVICES, INC., EARTHBOUND LICENSING, LLC, EARTHBOUND, LLC, EARTHBOUND PW LLC, ROBERT BURGESS d/b/a BURGESS GROUP a/k/a BOB BURGESS AND ASSOCIATES, MELISSA METCALFE, MANE USA, INC., GALA NORTH AMERICA, INC., and JOHN DOES 1-10,<br><br>Defendants. | Case No. 5:23cv5118-TLB<br><br>Complaint Filed: July 12, 2023 |

## JOINT STATUS REPORT

ALEXIS LEAH FREEMAN GIBSON as Ancillary Personal Representative of the ESTATE OF WYATT GARY GIBSON, Deceased and ALL WRONGFUL DEATH BENEFICIARIES ("Plaintiffs") and Defendant UL VERIFICATION SERVICES, INC. ("UL") [1], Defendant EARTHBOUND LICENSING, LLC ("Earthbound Licensing"), Defendant EARTHBOUND, LLC ("Earthbound"),

---

[1] By text order dated October 3, 2023 (Doc. 95), Defendant Consumer Testing Laboratories, Inc. was dismissed, without prejudice, as a defendant herein, due to the fact that entity was merged into UL Verification Services, Inc. in 2019. By Court order dated October 4, 2023 (Doc. 97), Defendant Melissa Metcalfe was dismissed, without, prejudice, as a defendant herein, pursuant to the parties' Stipulation of Dismissal of Defendant Melissa Metcalfe (Doc. 96).

[1]

Defendant EARTHBOUND PW LLC ("Earthbound PW"), Defendant ROBERT BURGESS d/b/a BURGESS GROUP a/k/a BOB BURGESS AND ASSOCIATES ("Burgess Group"), Defendant MANE USA, INC. ("Mane"), and Defendant GALA NORTH AMERICA, INC. ("Gala NA") hereby submit this Joint Status Report regarding the parties' positions on an agreed transfer to the Central District of California pursuant to the Court's October 3, 2023 text order (Doc. 94).

1. **Plaintiffs' Preliminary Statement**

Plaintiffs have met and conferred with each of the remaining Defendants on an agreed transfer to the Central District of California. It is Plaintiffs' understanding that: (1) Defendant UL and the Earthbound Defendants do not consent to transfer; (2) Defendant Burgess Group consents to transfer and will not contest personal jurisdiction in California; (3) Defendants Mane and Gala NA would consent to transfer but would contest personal jurisdiction in California.

Because less than all Defendants have consented to transfer to the Central District of California, Plaintiffs anticipate that this Court will rule on Defendant Mane's and Defendant Gala NA's pending motions to dismiss (Doc. 62; Doc. 65). Plaintiffs are, therefore, seeking leave to file sur-replies in opposition to those pending motions so that the Court may consider additional evidence which will assist in determining whether the Court has personal jurisdiction over Mane and Gala NA. That evidence includes emails and documents that were designated "confidential"

when produced by non-parties Flora Classique, Inc. ("Flora") and Walmart Inc. ("Walmart") in the California action, and which were therefore protected from disclosure to this Court under the California protective order.[2] Plaintiffs have conferred with Flora and Walmart, and Flora and Walmart have now consented to the filing of those emails and documents in this Court under seal to the extent the Court permits Plaintiffs to file their proposed sur-replies. Plaintiffs note that Gala NA has stated it objects to any attempts by Plaintiffs to introduce further evidence in opposition to Gala NA's motion to dismiss.

Plaintiffs also respectfully reiterate their request for alternative relief in the form of a grant of leave to conduct limited jurisdictional discovery and a deferred ruling on Defendant Mane's and Defendant Gala NA's motions to dismiss pending the completion of jurisdictional discovery (*see* Doc. 76 at pp. 4, 12, 43-44; Doc. 78 at pp. 6, 17, 40). Plaintiffs also reserve all rights to amend their pleadings pursuant to Fed. R. Civ. P. 15 in light of further discovery.

Plaintiffs also respectfully note that complete relief can be granted in both this action and the California action, even if the two actions are not fully consolidated. Arkansas, Georgia, and California law all provide Defendants with a substantive

---

[2] Under the California protective order, "[a] Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with th[e California] Action only for prosecuting, defending, or attempting to settle th[e California] Action." *Gibson v. Walmart Inc., et al.*, No. 5:22-cv-00238, Doc. 68 at ¶ 7.1 (C.D. Cal. Jan. 20, 2023).

right to allocate fault to a non-party. *Indus. Iron Works, Inc. v. Hodge*, 2020 Ark. App. 56, 5-6 (2020) (noting that Ark. Code Ann. § 16-61-202 provides a substantive right for "the allocation of nonparty fault"); *Alston & Bird, LLP v. Hatcher Mgmt. Holdings, LLC*, 312 Ga. 350, 356 (2021) ("[T]he percentage of fault of a nonparty must be considered when apportioning damages to party defendants … in cases with multiple defendants."); *Collins v. Plant Insulation Co.*, 185 Cal. App. 4th 260, 267, 110 Cal. Rptr. 3d 241, 245 (2010), *as modified on denial of reh'g* (July 2, 2010) ("The finder of fact must therefore consider all others whose conduct contributed to the plaintiff's injury, whether or not they are named as defendants and regardless of their economic circumstances."). Thus, whether Arkansas, Georgia, or California law ultimately applies, both this Court and the Central District of California "can accord complete relief among the existing parties." *Advoc. Tr., LLC v. Kia Corp.*, No. 21-5064, 2022 WL 1086202, at *2 (W.D. Ark. Apr. 11, 2022). Therefore, this action and the California action are not duplicative; all parties in either case will only bear responsibility for their own fault.

2. **Defendant UL**

Plaintiffs' Statement: Plaintiffs met and conferred with Defendant UL on October 4, 2023. It is Plaintiffs' understanding that Defendant UL does not consent to transfer. Plaintiffs are also awaiting a response from Defendant UL regarding a

proposed agreement under which Plaintiffs would agree to stipulate to dismissal of Defendant UL without prejudice from this action.

Defendant UL's Statement: On October 9, 2023, UL filed a motion for summary judgment, and accompanying materials in support. (Doc.'s 98-103). On October 23, 2023, Plaintiffs' Notice of Non-Opposition to UL's Motion for Summary Judgment was filed (Doc. 104). UL does not consent to transfer, and stands on the merits of its Motion for Summary Judgment.

### 3. Earthbound Defendants

Plaintiffs' Statement: Plaintiffs met and conferred with the Earthbound Defendants on October 4, 2023. It is Plaintiffs' understanding that the Earthbound Defendants do not consent to transfer and wish to remain in Arkansas.

Earthbound Defendants' Statement: Earthbound Defendants' attorneys met and conferred with Plaintiffs' counsel on October 4, 2023. Earthbound Defendants do not consent to transfer to California and wish to remain in Arkansas.

### 4. Defendant Burgess Group

Plaintiffs' Statement: Plaintiffs met and conferred with Defendant Burgess Group on October 4, 2023. It is Plaintiffs' understanding that Defendant Burgess Group consents to transfer and will not contest personal jurisdiction in California.

Defendant Burgess Group's Statement: Defendant Burgess Group met and conferred with Plaintiffs on October 4, 2023. Defendant Burgess Group consents to

transfer and will not contest personal jurisdiction in California should the case be transferred.

5. **Defendant Mane**

<u>Plaintiffs' Statement</u>: Plaintiffs met and conferred with Defendant Mane on October 11, 2023. It is Plaintiffs' understanding that Defendant Mane would consent to transfer but would contest personal jurisdiction in California.

Plaintiffs object to Mane's stated intent to contest personal jurisdiction in California. Plaintiffs' position is that any stipulation to transfer should include an agreement by all parties to consent to personal jurisdiction in the California action so that the parties may engage in substantive discovery on the merits of Plaintiffs' claims.

As stated above, Plaintiffs anticipate that this Court will rule on Defendant Mane's pending Motion to Dismiss (Doc. 62). Plaintiffs are, therefore, seeking leave to file a sur-reply in opposition to Mane's pending Motion to Dismiss, so that this Court may consider emails and documents designated by Flora and Walmart as "confidential" in the California action. Plaintiffs have conferred with Flora and Walmart, and Flora and Walmart have now consented to the filing of those emails and documents in this Court under seal to the extent the Court permits Plaintiffs to file their proposed sur-replies.

Plaintiffs are also awaiting a response from Defendants Gala NA and Mane and non-parties Flora and Ramesh Flowers Private Limited ("Ramesh")[3] regarding a proposed agreement under which Plaintiffs would agree to stipulate to dismissal of Defendant Mane without prejudice from this action. Under the proposed agreement, the parties to the California action would enter into a stipulation of fact regarding the source of *B. pseudomallei* found in the Subject BHG Aromatherapy Spray. Specifically, Plaintiffs have proposed that the parties stipulate that the lavender and chamomile fragrance component supplied by Defendant Mane was not the source of contamination of the Subject BHG Aromatherapy Product. Counsel for Walmart in the California action has stated that Walmart would be willing to enter into such a stipulation if (1) Gala NA, Flora, and Ramesh would also agree to so stipulate and (2) Mane would agree to produce its communications with Flora, Ramesh, and Gala about the formulation or testing of the ingredients or the product as a whole and any communications it had with any entity related to the recall of the product or investigations by the Centers for Disease Control and the Consumer Product Safety Commission.

Defendant Mane's Statement: Mane and Plaintiffs met and conferred on October 11, 2023. Mane advised Plaintiffs it would consent to transfer to California,

---

[3] Like Flora and Walmart, Ramesh is a named Defendant in the California action.

but it would reserve all objections, including personal jurisdiction, and Mane would file appropriate motions to dismiss similar to what was filed in this Court.

Mane objects to Plaintiffs filing a sur-reply in opposition to its Motion to Dismiss, Strike, and/or Transfer (Doc. 62). Mane's personal jurisdiction argument was a facial attack. Therefore, any documents outside of the Amended Complaint are irrelevant to the determination as to whether this Court can exercise personal jurisdiction over Mane. Moreover, Plaintiffs had an opportunity to fully brief this motion and oral argument has already taken place.

Mane also maintains its objection to Plaintiffs' request to conduct jurisdictional discovery. Plaintiffs did not sufficiently plead their jurisdictional allegations against Mane in their amended complaint, they have already been allowed to amend the complaint to address these issues, and Plaintiffs took the position at the Rule 16 Conference that they did not need to amend their complaint again to address the arguments raised in Mane's motion.

Mane maintains that it should be dismissed because (1) this Court lacks personal jurisdiction over Mane; (2) Plaintiffs' complaint failed to state a claim because the complaint lacks sufficient factual allegations against Mane under Rule 12(b)(6); (3) Plaintiffs' failed to join necessary and indispensable parties; and (4) the first-to-file rule dictates dismissal of this case as argued in its motion to dismiss (Docs. 62 and 63) and reply brief (Doc. 91).

Addressing any discussion regarding stipulation of dismissal of Mane, Mane believes its lavender and chamomile fragrance component was not the source of contamination of the Subject BHG Aromatherapy Product and Mane should not be a party to these cases. Mane awaits confirmation as to whether Gala NA and the other non-party defendants agree to the stipulation or have any other qualifications to add to it before providing Mane's response.

6. **Defendant Gala NA**

Plaintiffs' Statement: Plaintiffs met and conferred with Defendant Gala NA on October 3, 2023. It is Plaintiffs' understanding that Defendant Gala NA would consent to transfer but would contest personal jurisdiction in California.

Plaintiffs object to Gala NA's stated intent to contest personal jurisdiction in California. Plaintiffs' position is that any stipulation to transfer should include an agreement by all parties to consent to personal jurisdiction in the California action so that the parties may engage in substantive discovery on the merits of Plaintiffs' claims.

As stated above, Plaintiffs anticipate that this Court will rule on Defendant Gala NA's pending Motion to Dismiss (Doc. 65). Plaintiffs are, therefore, seeking leave to file a sur-reply in opposition to Gala NA's pending Motion to Dismiss, so that this Court may consider emails and documents designated by Flora and Walmart as "confidential" in the California action. Plaintiffs have conferred with Flora and

Walmart, and Flora and Walmart have now consented to the filing of those emails and documents in this Court under seal to the extent the Court permits Plaintiffs to file their proposed sur-replies. Plaintiffs note that Gala NA has stated it objects to any attempts by Plaintiffs to introduce further evidence in opposition to Gala NA's motion to dismiss.

<u>Defendant Gala NA's Statement</u>: Counsel for Gala NA advised Plaintiffs' counsel during a meet and confer on October 3, 2023 that Gala NA would stipulate to transfer of the pending Arkansas action to the Honorable John W. Holcomb in the Central District of California, but that Gala NA does **not** consent to personal jurisdiction in California. If this matter is transferred to the Central District of California, Gala NA intends to seek dismissal of Plaintiffs' claims on similar grounds raised in Gala NA's Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint in Arkansas ("Gala NA's Motion"). Specifically, given that *Gala NA had no involvement with the product at issue* and is *not* the parent company of Ramesh Flowers or Flora Classique, California also lacks personal jurisdiction over Gala NA in connection with this matter. Gala NA therefore specifically reserves all rights, defenses and legal challenges to any action transferred to the Central District of California.

Gala NA respectfully requests that the Court deny Plaintiffs' attempt to file a sur-reply in opposition to Gala NA's Motion. *First*, this Joint Status Report is not

the proper procedural mechanism to request a sur-reply. *Second*, the briefing on Gala NA's Motion is closed, the parties have already presented extensive oral argument to the Court, and the Court has taken Gala NA's Motion under submission. *Third*, Plaintiffs have been in possession of the documents produced by Flora Classique in the original California *Gibson* action since February 2023 but failed to timely meet and confer with counsel for Flora Classique to discuss providing documents to this Court and failed to timely raise this issue with the Court. *Fourth*, Gala NA would be further unduly prejudiced by having to expend additional resources responding to a sur-reply replete with misrepresentations to this Court that documents provided by Flora Classique in any way indicate that Gala NA was involved with the product at issue. None of the documents demonstrate that Gala NA had any involvement in the manufacture, design, development, formulation supply or assembly of the product at issue. Indeed, half of the documents recently identified by Plaintiffs' counsel post-date the purchase of the product at issue by Plaintiffs. For all these reasons, Gala NA objects to any attempts by Plaintiffs to introduce further evidence in opposition to Gala NA's Motion, and further requests that the Court deny Plaintiffs' request for jurisdictional discovery.

With respect to Plaintiffs' assertion that "complete relief can be granted in both this action and the California action," Gala NA's Motion lays out the arguments

for dismissal of the Arkansas action due to Plaintiffs' failure to join necessary and indispensable parties, namely Walmart, Flora, and Ramesh.

Gala NA respectfully requests that this Court grant Gala NA's Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint.

Dated October 30, 2023

| /s/ M. Alan Holcomb | /s/ Michelle L. Browning |
|---|---|
| Bill D. Reynolds (State Bar No. 92021)<br>breynolds@caddellreynolds.com<br>**CADDELL REYNOLDS LAW FIRM**<br>122 N 11th St<br>Fort Smith, AR 72901<br>Telephone: (479) 782-5297<br>Facsimile: (479) 782-5184<br><br>M. Alan Holcomb*<br>aholcomb@turnbullfirm.com<br>Ashley Mitchell*<br>amitchell@turnbullfirm.com<br>Max Rubinson*<br>mrubinson@turnbullfirm.com<br>**TURNBULL, HOLCOMB & LEMOINE, PC**<br>945 East Paces Ferry Rd NE<br>Atlanta, GA 30326<br>Telephone: (404) 793-2566<br>Facsimile: (404) 348-4260<br>*Admitted *pro hac vice*<br><br>*Attorneys for Plaintiffs* | Michelle L. Browning<br>Bar Number 98146<br>Jeffrey L. Singleton<br>Bar Number 98175<br>**WRIGHT, LINDSEY & JENNINGS LLP**<br>200 West Capitol Avenue, Suite 2300<br>Little Rock, Arkansas 72201-3699<br>(501) 371-0808; FAX: (501) 376-9442<br>E-MAIL: mbrowning@wlj.com;<br>jsingleton@wlj.com<br><br>*Attorneys for Separate Defendants, Consumer Testing Laboratories, Inc. and UL Verification Services Inc.* |

| | |
|---|---|
| */s/ Robert E. Dodson*<br>Robert E. Dodson AR Bar #80177<br>Richard N. Dodson AR Bar #83053<br>**DODSON & DODSON, L.L.P.**<br>4646 Summerhill Road<br>Post Office Box 1877<br>Texarkana, Texas 75503<br>Telephone: (903)794-3121<br>Facsimile: (903)793-4801<br>bobdodson@dodsondodson.com<br>dickdodson@dodsondodson.com<br><br>*Attorneys for Defendants Earthbound Licensing, LLC, Earthbound LLC, Earthbound PW LLC* | */s/ Jacob A. McElroy*<br>Stuart P. Miller (Ark Bar #88137)<br>Jacob A. McElroy (Ark Bar #2017242)<br>**MITCHELL, WILLIAMS, SELIG, GATES & WOODYARD, P.L.L.C.**<br>4206 South J.B. Hunt Drive, Ste. 200<br>Rogers, Arkansas 72758<br>Telephone: (479) 464-5670<br>smiller@mwlaw.com<br>jmcelroy@mwlaw.com<br><br>*Attorneys for Defendant Robert Burgess* |
| *s/ Thad M. Barnes*<br>**STITES & HARBISON, PLLC**<br>Thad M. Barnes (*Pro Hac Vice*)<br>400 West Market Street, Suite 1800<br>Louisville, KY 40202-3352<br>Telephone: 502-681-0614<br>Facsimile: 502-587-6391<br>TBarnes@stites.com<br><br>**BUTLER SNOW LLP**<br>Kathryn K. Van Namen (AR 2020023)<br>Andrew B. Schrack (AR 2020035)<br>6075 Poplar Avenue, Suite 500<br>Memphis, TN 38119<br>Telephone: 901-680-7200<br>Facsimile: 901-680-7201<br>Kate.VanNamen@butlersnow.com<br>Andrew.Schrack@butlersnow.com<br><br>*COUNSEL FOR DEFENDANT MANE USA, INC.* | **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO, P.C.**<br><br>*/s/ Arameh Zargham O'Boyle*<br>Arameh Zargham O'Boyle<br>(Admitted Pro Hac Vice)<br>2049 Century Park East, Suite 300<br>Los Angeles, CA 90067<br>Telephone: (310) 586-3200<br>Facsimile: (310) 586-3202<br>azoboyle@mintz.com<br><br>Daniel J. Herling<br>(Admitted Pro Hac Vice)<br>Paige E. Adaskaveg<br>(Admitted Pro Hac Vice)<br>44 Montgomery Street, 36th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 432-6000<br>Facsimile: (415) 432-6001<br>djherling@mintz.com<br>padaskaveg@mintz.com |

|  | **KUTAK ROCK LLP** |
|  | J.R. Carroll, AR 20033149<br>Peyton Watts, AR 2020165<br>1277 E Joyce Blvd, Suite 300<br>Fayetteville, Arkansas 72703<br>479-973-4200 Telephone<br>479-973-0007 Facsimile<br>jr.carroll@kutakrock.com<br>peyton.watts@kutakrock.com<br><br>*Attorneys for Defendant GALA NORTH AMERICA, INC.* |

# CERTIFICATE OF SERVICE

I, M. Alan Holcomb, certify and declare as follows:

1. I am over the age of 18 and not a party to this action.

2. My business address is 945 East Paces Ferry Rd NE, Atlanta, GA 30326.

3. On October 30, 2023, I electronically filed the **JOINT STATUS REPORT** with the Clerk of the Court for the United States District Court for the Western District of Arkansas by using the Court's CM/ECF System.

4. Participants in this case who are registered CM/ECF users will be served by the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This 30th day of October, 2023.

*/s/ M. Alan Holcomb*
M. Alan Holcomb