# EXHIBIT A
# UNDER SEAL

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF ARKANSAS
## FAYETTEVILLE DIVISION

| | |
|---|---|
| ALEXIS LEAH FREEMAN GIBSON as Ancillary Personal Representative of the ESTATE OF WYATT GARY GIBSON, Deceased and ALL WRONGFUL DEATH BENEFICIARIES,<br><br>                    Plaintiffs,<br><br>    vs.<br><br>CONSUMER TESTING LABORATORIES, INC., UL VERIFICATION SERVICES, INC., EARTHBOUND LICENSING, LLC, EARTHBOUND, LLC, EARTHBOUND PW LLC, ROBERT BURGESS d/b/a BURGESS GROUP a/k/a BOB BURGESS AND ASSOCIATES, MELISSA METCALFE, MANE USA, INC., GALA NORTH AMERICA, INC., and JOHN DOES 1-10,<br><br>                    Defendants. | Case No. 5:23cv5118-TLB<br><br>Complaint Filed: July 12, 2023 |

## PLAINTIFFS' SUR-REPLY TO GALA NORTH AMERICA INC.'S MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW ALEXIS LEAH FREEMAN GIBSON as Ancillary Personal Representative of the ESTATE OF WYATT GARY GIBSON, Deceased and ALL WRONGFUL DEATH BENEFICIARIES ("Plaintiffs"), by and through undersigned counsel, and for their Sur-Reply to Gala North America Inc.'s ("GALA") Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint, state and allege as follows:

## I.   <u>INTRODUCTION</u>

Plaintiffs file this Sur-Reply in order to provide the Court with additional evidence which will assist the Court in resolving the issues raised in the briefing on GALA's Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint ("Motion to Dismiss"). That evidence includes a contract produced by Defendant Robert Burgess d/b/a Burgess Group a/k/a Bob Burgess and Associates ("Burgess Group") between Burgess Group and the entity which Plaintiffs believe to be GALA's predecessor company. That evidence also includes emails and documents that were designated "confidential" when produced by non-parties Flora Classique, Inc. ("Flora") and Walmart Inc. ("Walmart") in the related California action, and which are therefore protected from disclosure to this Court under the California protective order.[1] Plaintiffs, however, have conferred with Flora and Walmart, and both non-parties have consented to the filing of those emails and documents in this Court under seal. The evidence submitted herewith, together with the evidence submitted with Plaintiffs' Opposition to GALA's Motion to Dismiss, demonstrates that GALA is subject to personal jurisdiction in this case.

---

[1] Under the California protective order, "[a] Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with th[e California] Action only for prosecuting, defending, or attempting to settle th[e California] Action." *Gibson v. Walmart Inc., et al.*, No. 5:22-cv-00238, Doc. 68 at ¶ 7.1 (C.D. Cal. Jan. 20, 2023).

## II.    PROCEDURAL HISTORY AND STATEMENT OF FACTS

On September 5, 2023, Defendant GALA filed its Motion to Dismiss (Docs. 65-66). On September 19, 2023, Plaintiffs filed their Opposition to GALA's Motion to Dismiss (Doc. 78). On September 28, the Court granted GALA leave to file a Reply in support of its Motion to Dismiss, and GALA filed its Reply and a supporting declaration from its corporate representative, Mr. Gino Biondi (Docs. 89, 90). At the September 28 Case Management Hearing, the Court heard argument on GALA's Motion to Dismiss and instructed all parties to confer on an agreed transfer of this action to the Central District of California. On October 30, 2023 the parties filed their Joint Status Report regarding the parties' positions on a potential transfer to the Central District of California pursuant to the Court's October 3, 2023 text order (Docs. 94, 105). As of the date of this Sur-Reply, less than all parties have consented to transfer of this action to the Central District of California, and GALA's Motion to Dismiss remains pending.

## III.    PLAINTIFFS' ADDITIONAL EVIDENCE

### A. Walmart Documents (Exhibits 1-5)

Attached hereto as Exhibits 1-5, are the documents and communications described in the table below, which were produced by Walmart in the California action. Exhibits 1-5 include Walmart documents and communications that show that GALA and its employees were involved in the sale, distribution, and supply of the

products at issue in this action to Arkansas-based Walmart and that that they also were involved in product development and conducting business directly with various Arkansas-based entities and individuals in the process, as Plaintiffs assert in their Opposition (Doc. 78 at pp. 7-14).

| Ex. | Bates Range | Description |
|-----|-------------|-------------|
| 1 | WM-GIBSON-1452-1458 | █████████████ |
| 2 | WM-GIBSON-2170-2176 | █████████████ |
| 3 | WM-GIBSON-3870-3874 | █████████████ |



| | | |
|---|---|---|
| 4 | WM-GIBSON-3898-3899 | |
| 5 | WM-GIBSON-3928-3929 | |

**B. Burgess Group Documents (Exhibits 6-10)**

Attached hereto as Exhibit 6 is a contract produced with Defendant Burgess Group's October 16, 2023 Supplemental Initial Disclosures. Exhibit 6 is a copy of the "Outside Sales Representative Agreement" between "KORONA CANDLE Inc." of Dublin, Virginia and "Burgess Group" of Bentonville, Arkansas (the "Agreement"). The Agreement was signed in December of 2018 by Mark Cunningham, who is listed as "Director of Sales, N. America" for KORONA

CANDLE, Inc. (Ex. 6 at p 6). Per the Agreement, Arkansas-based Burgess Group acted as an "outside sales representative" for KORONA candle and fragrance products beginning in December of 2018, and could earn incentives for selling KORONA products to Walmart (Ex. 6 at pp 1-10).[2]

Attached hereto as Exhibit 7 is a copy of a corporate disclosure statement filed by "Gala North America, Inc. a.k.a. Korona Candles Inc." in connection with a federal court case in the Western District of Virginia. The corporate disclosure statement appears to have been signed on September 16, 2020 by Mr. Biondi on behalf of "Gala North America, Inc." (Ex. 7).

Attached hereto as Exhibit 8 is a press release from Equistone, which states that GALA Kerzen acquired Korona Candles S.A. in the first half of 2018 (Ex. 8 at p. 1). The press release further states that Korona Candles S.A. was "based in Poland," "and also ha[d] a production site in Dublin, Virginia in the USA" (Ex. 8 at p. 1).

Attached hereto as Exhibit 9 is the corporate organizational chart filed by GALA in support of its Motion to Dismiss, which shows that "GALA Poland Sp. z.o.o.," a Polish subsidiary of GALA GROUP GmbH, is the parent company of "GALA North America Inc." (Ex. 9 at p. 2).

---

[2] Plaintiffs note that Defendant GALA has not served initial disclosures in this action nor produced a copy of the Agreement produced by Burgess Group.

Attached hereto as Exhibit 10 is Defendant Burgess Group's Supplemental Initial Disclosures, which state that Burgess Group intends to rely on "[e]mails and correspondences between the Burgess Group, Gala North America, Inc, Gala Group and/or Korona Candle Inc., and Walmart Inc. related to the request for proposal, bid process and preproduction approval for the subject product" in support of its claims and defenses, in addition to the contract attached hereto as Exhibit 6. Burgess Group, however, has not yet supplemented its Initial Disclosures to provide the aforementioned emails and correspondence.

Taken together, Exhibits 6-10 strongly suggest that Defendant GALA is one of the GALA GROUP GmbH subsidiaries (*see* Ex. 9 at p. 2) that was significantly involved in selling the Aromatherapy Product at issue, as well as other "KORONA" (i.e., "GALA Group") fragrance and candle products, to Arkansas-based Walmart. To wit, the corporate disclosure statement, Equistone press release, and corporate organizational chart strongly suggest that Dublin, Virginia-based Defendant GALA is the successor company to the Dublin, Virgina-based KORONA entity that contracted Burgess Group to act as the sales representative for "KORONA," and later "GALA Group" products, including the Aromatherapy Product at issue. Moreover, Defendant Burgess Group's intent to rely on its correspondence with Defendant GALA related to "preproduction approval" and the "bid process"

[7]

suggests that Defendant GALA was involved in product development for the Aromatherapy Product at issue.

Plaintiffs note that targeted jurisdictional discovery would allow Plaintiffs to confirm what the various documents and statements referenced above strongly suggest and respectfully reiterate their request for alternative relief in the form of a grant of leave to conduct limited jurisdictional discovery and a deferred ruling on GALA's Motion to Dismiss, pending the completion of jurisdictional discovery (*see* Doc. 76 at pp. 4, 12, 43-44; Doc. 78 at pp. 6, 17, 40).

### C. Flora Classique Documents (Exhibits 11-31)

Attached hereto as Exhibits 11-31, are the documents and communications described in the table below, which were produced by Flora in the California action. Exhibits 11-31 include numerous emails and attachments that show that Defendant GALA and its employees were involved in the sale, distribution, and supply of the products at issue in this action to Arkansas-based Walmart and that that they also were involved in product development and conducting business directly with various Arkansas-based entities and individuals in the process, as Plaintiffs assert in their Opposition (Doc. 78 at pp. 7-14). To wit, between May 2020 and September 2021, Messrs. Biondi, Oliver, and Cunningham sent and received numerous emails to and from Burgess Group and Walmart employees regarding the Aromatherapy Product at issue (and other GALA Group products). And as noted in Plaintiffs' Opposition,

[8]

Messrs. Oliver and Cunningham were each high-level employees of Defendant GALA during that timeframe (Doc. 78 at pp. 10-11). And as Mr. Biondi's declaration sates, he was Defendant GALA's President and CEO from August 17, 2020 through March 31, 2023 (Doc. 90-1 at ¶ 2).

Plaintiffs also note that the email correspondence attached hereto as Exhibits 13 and 28 refute the claim in Mr. Biondi's declaration that he first learned of or became involved with the Aromatherapy Product at issue on October 22, 2021 (Doc. 90-1 at ¶ 7). As Exhibit 13 shows,



(Ex. 13; Doc. 90-1 at ¶ 2). As Exhibit 28 shows,

(Ex. 28 at p. 1). In the

(Ex. 28 at p. 1).

| Ex. | Bates Range | Description |
|-----|-------------|-------------|
| 11 | FC_00000001 | |
| 12 | FC_00000002-005 | |
| 13 | FC_00000204-205 | |
| 14 | FC_00000432-440 | |
| 15 | FC_00000441-471 | |
| 16 | FC_00000472-481 | |
| 17 | FC_00000482-513 | |
| 18 | FC_00000556-565 | |
| 19 | FC_00000566-597 | |
| 20 | FC_00000854-860 | |
| 21 | FC_00000861 | |
| 22 | FC_00000862-870 | |
| 23 | FC_00000910 | |
| 24 | FC_00001046-1057 | |
| 25 | FC_00007169 | |
| 26 | FC_00008191-8193 | |
| 27 | FC_00008210-8214 | |

| 28 | FC_00012081-12082 | | |
| 29 | FC_00012102-12103 | | |
| 30 | FC_00012214 | | |
| 31 | FC_00012736-12379 | | |

## IV.    CONCLUSION

The evidence submitted herewith, together with the evidence submitted with Plaintiffs' Opposition to GALA's Motion to Dismiss, demonstrates that GALA is subject to personal jurisdiction in this case. Specifically, the evidence now before the Court demonstrates that GALA played a role in the development, manufacture, and distribution of the Aromatherapy Product and demonstrates that GALA's executives and other employees conducted significant business with Walmart in Arkansas prior to Wyatt Gibson's death to provide an expanded lineup of fragrance products by leveraging production facilities operated by GALA, Ramesh, and other related entities. In sum, the evidence shows that GALA purposefully established minimum contacts with Arkansas that relate directly to Plaintiffs' causes of action.

For the reasons set forth herein and in Plaintiffs' Opposition, and in light of the additional evidence attached hereto, Plaintiffs respectfully request that the Court **DENY** Defendant GALA's Motion to Dismiss in its entirety. Alternatively, Plaintiffs' respectfully request that the Court **DEFER** ruling on GALA's request to

dismiss for lack of personal jurisdiction pending the completion of narrowly tailored

jurisdictional discovery and **DENY** the remainder of GALA's Motion to Dismiss.


Dated: November 1, 2023                    /s/ M. Alan Holcomb
                                           Bill D. Reynolds (State Bar No. 92021)
                                           breynolds@caddellreynolds.com
                                           **CADDELL REYNOLDS LAW FIRM**
                                           122 N 11th St
                                           Fort Smith, AR 72901
                                           Telephone: (479) 782-5297
                                           Facsimile: (479) 782-5184

                                           M. Alan Holcomb (admitted *pro hac vice*)
                                           aholcomb@turnbullfirm.com
                                           Ashley Mitchell (admitted *pro hac vice*)
                                           amitchell@turnbullfirm.com
                                           Max Rubinson (admitted *pro hac vice*)
                                           mrubinson@turnbullfirm.com
                                           **TURNBULL, HOLCOMB &
                                           LEMOINE, PC**
                                           945 East Paces Ferry Rd NE
                                           Atlanta, GA 30326
                                           Telephone: (404) 793-2566
                                           Facsimile: (404) 348-4260

                                           *Attorneys for Plaintiffs*

<u>**CERTIFICATE OF SERVICE**</u>

I, M. Alan Holcomb, certify and declare as follows:

1.      I am over the age of 18 and not a party to this action.

2.      My business address is 945 East Paces Ferry Rd NE, Atlanta, GA 30326.

3.      On November 1, 2023, I electronically filed the **PLAINTIFFS' SUR-REPLY TO GALA NORTH AMERICA INC.'S MOTION TO DISMISS AND MOTION TO STRIKE PLAINTIFFS' FIRST AMENDED COMPLAINT** with the Clerk of the Court for the United States District Court for the Western District of Arkansas by using the Court's CM/ECF System.

4.      Participants in this case who are registered CM/ECF users will be served by the Court's CM/ECF system.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

This 1st day of November, 2023.


                                   */s/ M. Alan Holcomb*
                                   M. Alan Holcomb

[13]