**IN THE UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF ARKANSAS**
**FAYETTEVILLE DIVISION**

**ALEXIS LEAH FREEMAN GIBSON as**
**Ancillary Personal Representative of the**
**ESTATE OF WYATT GARY GIBSON,**
**Deceased and ALL WRONGFUL**
**DEATH BENEFICIARIES**                                          **PLAINTIFFS**

**V.**                                  **CASE NO. 5:23-CV-5118**

**EARTHBOUND LICENSING, LLC,**
**EARTHBOUND, LLC, EARTHBOUND**
**PW LLC, ROBERT BURGESS d/b/a**
**BURGESS GROUP a/k/a**
**BOB BURGESS AND ASSOCIATES,**
**MANE USA, INC., GALA NORTH**
**AMERICA, INC., and JOHN DOES 1–10**              **DEFENDANTS**

**OPINION AND ORDER**

The following motions are presently before the Court and ripe for decision:

- Defendant Mane USA, Inc.'s ("Mane") Motion to Dismiss, Motion to Strike, or in the Alternative, Motion to Transfer Plaintiff's First Amended Complaint (Doc. 62).[1]

- Defendant Gala North America, Inc.'s ("Gala NA") Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint (Doc. 65).[2]

- Plaintiffs' Motion for Leave to File a Sur-Reply to Gala NA's Motion (Doc. 106).

The parties presented argument on Mane and Gala NA's Motions at this matter's Case

Management Hearing. Afterwards, the Court instructed the parties to meet, confer, and

file a joint status report regarding their positions on an agreed transfer to the Central

---

[1] *See also* Doc. 63 (Mane's Brief in Support); Doc. 76 (Plaintiffs' Response); Doc. 91 (Mane's Reply)

[2] *See also* Doc. 66 (Gala NA's Brief in Support); Doc. 78 (Plaintiffs' Response); Doc. 90 (Gala NA's Reply).

1

District of California (Doc. 94), where parallel litigation is pending, which they did. *See* Doc. 105 (the "Joint Status Report"). Having duly considered the parties' papers and argument, the Court finds that an agreed transfer to the Central District of California is appropriate. The Court's detailed ruling follows below.

## I. BACKGROUND

This case arises from the tragic death of a five-year-old boy, Wyatt Gary Gibson. Plaintiffs allege that Wyatt died from melioidosis, an infectious disease caused by a tropical bacteria called *Burkholderia pseudomallei*. They further allege that he was exposed to the bacteria by a contaminated Better Homes and Gardens Essential Oil Infused Aromatherapy Room Spray with Gemstones, Lavender & Chamomile ("BHG Aromatherapy Product"). Wyatt's parents purchased the BHG Aromatherapy Product from a Walmart store in Calhoun, Georgia in early 2021 and used it in their home. Wyatt passed on July 16 of that year.

By November, the Consumer Product Safety Commission and Walmart had recalled six different scents and nearly 4,000 bottles of the BHG Aromatherapy Product after the Centers for Disease Control and Prevention found *Burkholderia pseudomallei* in the product line. *See CDC Lab Testing Confirms Cause of Melioidosis Outbreak*, Ctrs. for Disease Control and Prevention (Oct. 26, 2021), https://archive.cdc.gov/www_cdc_gov/media/releases/2021/p1026-melioidosis-outbreak.html [https://perma.cc/2DQY-SN8F]. It had been sold by Walmart online and in approximately 55 Walmart stores in 2021, including the store from which Wyatt's parents purchased the BHG Aromatherapy Product at issue here.

Plaintiffs filed this case in the Circuit Court of Benton County, Arkansas on July 12, 2023. It was removed to this Court on July 17. They allege that Defendants—Earthbound Licensing, LLC, Earthbound, LLC, Earthbound PW LLC (collectively, "Earthbound Defendants"); Robert Burgess d/b/a Burgess Group a/k/a Bob Burgess and Associates ("Burgess Group"); Mane; and Gala NA—played various "active role[s] in the design, development, formulation, supply, assembly, distribution, and manufacture" of the BHG Aromatherapy product, (Doc. 56, ¶ 18), and bring products liability (design defect, manufacturing defect, and failure to warn), negligence, and breach of implied warranty claims against them, seeking damages for Wyatt's wrongful death.

Eighteen months earlier, on January 7, 2022, Plaintiffs filed a similar lawsuit in California state court against different defendants: Walmart; two key players in the BHG Aromatherapy Product's supply chain, Ramesh Flowers Private Limited (the manufacturer) and Flora Classique, Inc. (the importer); and Meredith Corporation (a distributer partnered with Walmart). That case was removed to the District Court for the Central District of California on February 7, 2022 and remains pending today. *See Wesley Gibson et al v. Walmart Inc. et al*, Case No. 5:22-cv-00238-JWH-DTB (C.D. Cal.). For clarity, the procedural histories of the two parallel lawsuits are summarized as follows:

- January 7, 2022 (*Gibson v. Walmart*): Plaintiffs filed the *Gibson v. Walmart* case in the Superior Court of California, County of Riverside, case number CVSW2200259.

- February 7, 2022 (*Gibson v. Walmart*): The case was removed to the Federal District Court for the Central District of California.

- March 7, 2022 (*Gibson v. Walmart*): Plaintiffs filed a first amended complaint.

- March 31, 2022 (*Gibson v. Walmart*): Defendant Flora Classique, Inc. filed a motion to dismiss and motion to strike Plaintiffs' first amended complaint. A similar motion to strike from Defendants Meredith Corporation and Walmart Inc. was joined with Flora Classique's motion on April 6, 2022.

- <u>September 19, 2022</u> (*Gibson v. Walmart*): Pursuant to Federal Rule of Civil Procedure 12(b)(6), the Court granted in part and denied in part Flora Classique's motion to dismiss. The Court also granted leave to amend.

- <u>October 7, 2022</u> (*Gibson v. Walmart*): Plaintiffs filed a second amended complaint.

- <u>October 28, 2022</u> (*Gibson v. Walmart*): Flora Classique filed a motion to dismiss Plaintiffs' plea for punitive damages.

- <u>December 6–9, 2022</u> (*Gibson v. Walmart*): The parties filed and the court granted joint motions to withdraw Plaintiffs' plea for punitive damages against each Defendant.

- <u>July 11, 2023</u> (*Gibson v. Walmart*): Plaintiffs filed a third amended complaint.

- <u>July 12, 2023</u> (**instant case**): Plaintiffs filed the instant case in the Circuit Court Of Benton County, Arkansas.

- <u>July 17, 2023</u> (**instant case**): The instant case was removed to this Court.

- <u>July 21, 2023</u> (**instant case**): Plaintiffs filed a motion to remand and brief in support (Docs. 7–8).

- <u>August 4, 2023</u> (*Gibson v. Walmart*): Defendants filed answers to the third amended complaint. Also, in the **instant case**, Gala NA filed a response in opposition to Plaintiffs' motion to remand (Doc. 36).

- <u>August 14, 2023</u> (**instant case**): the Court entered its initial scheduling order (Doc. 51).

- <u>August 22, 2023</u> (**instant case**): Plaintiffs filed a first amended complaint (Doc. 56).

- <u>August 31, 2023</u> (**instant case**): Burgess Group filed an answer to Plaintiffs' first amended complaint (Doc. 60).

- <u>September 5, 2023</u> (**instant case**): Mane filed its Motion at bar (Doc. 62). Former Defendant Consumer Testing Laboratories, Inc. and UL Verification Services, Inc. filed an answer to Plaintiffs first amended complaint (Doc. 61).

- <u>September 5, 2023</u> (*Gibson v. Walmart*): Flora Classique filed a notice of a related case, *John M. Rist et al v. Walmart Inc. et al*, Case No. 5:23-cv-01689-JWH-DTB (C.D. Cal.) (filed on August 21, 2023), which is similarly parallel to *Gibson v. Walmart* and the instant case. In the **instant case**, the Earthbound Defendants and former Defendant Melissa Metcalfe filed answers to Plaintiffs' first amended complaint (Docs. 64, 67), and Gala NA filed its Motion at bar (Doc. 65).

- <u>September 6, 2023</u> (**instant case**): Plaintiffs withdrew their motion to remand. *See* Docs. 68, 71.

- <u>September 6, 2023</u> (**instant case**): The parties filed their Joint Rule 26(f) Report (Doc. 77).

- <u>September 25, 2023</u> (**instant case**): A protective order was entered (Doc. 83).

- <u>September 25, 2023</u> (**instant case**): The Court held this matter's Case Management Hearing. *See* Doc. 92 (minutes).

- <u>October 3, 2023</u> (**instant case**): The Court entered a text order instructing counsel to meet, confer, and file a joint status report regarding the parties' positions on an agreed transfer to the Central District of California by October 30, 2023 (Doc. 94). The parties filed the Joint Status Report on October 30, 2023 (Doc. 105). The Court also entered a second text order dismissing Defendant Consumer Testing Laboratories, Inc. without prejudice pursuant to a stipulation by the parties that Consumer Testing Laboratories, Inc. was merged into UL Verification Services, Inc. in 2019 (Doc. 95). Plaintiffs also filed a stipulation, which the Court granted, dismissing former Defendant Metcalfe without prejudice (Docs. 96–97).

- <u>October 9, 2023</u> (**instant case**): Former Defendant UL Verification Services, Inc. filed a motion for summary judgment, brief in support, and statement of facts (Docs. 98–103). On October 23, 2023, Plaintiffs filed a notice of non-opposition to UL's motion (Doc. 104).

- <u>October 13, 2023</u> (*Gibson v. Walmart*): Flora Classique filed a motion to dismiss for lack of personal jurisdiction.

- <u>November 1, 2023</u> (**instant case**): Plaintiffs filed their Motion at bar. *See* Docs. 106–07 (Plaintiffs' Motion for Leave to File a Sur-Reply to Gala NA's Motion).

- <u>November 11, 2023</u> (**instant case**): The Court granted UL's motion for summary judgment (Doc. 108).

- <u>December 12, 2023</u> (*Gibson v. Walmart*): The court ordered each party in the *Gibson v. Walmart* and the parallel *Rist v. Walmart* case to show cause as to why the court should not consolidate the cases. The parties in *Gibson v. Walmart* responded on December 26, 27, and 29, 2023.

- <u>February 20, 2024</u> (*Gibson v. Walmart*): Flora Classique withdrew its motion to dismiss for lack of personal jurisdiction.

- <u>March 5, 2024</u> (*Gibson v. Walmart*): Flora Classique filed an amended answer to the third amended complaint.

- April 12, 2024 (*Gibson v. Walmart*): The parties filed a joint stipulation to extend discovery through April 18, 2025.

## II. DISCUSSION

The question presented is whether transfer to the Central District of California is appropriate given the similarities between the instant case and *Gibson v. Walmart*. Title 28, Section 1404(a) of the U.S. Code provides that "[f]or the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented."  Factors to consider in the Section 1404(a) analysis include "the convenience of the parties, the convenience of the witnesses, the interests of justice, and any other relevant factors when comparing alternative venues." *Terra Int'l v. Miss. Chem. Corp.*, 119 F.3d 688, 696 (8th Cir. 1997).

Turning first to the convenience of the parties and the witnesses, the Court finds that these factors weigh in favor of transfer. *Gibson v. Walmart* shares parallel claims, parties, and, potentially, witnesses (to say nothing of the *Rist* case). Plaintiffs consented to transfer during the Case Management Hearing. And the parties' Joint Status Report states the following:

> Plaintiffs have met and conferred with each of the remaining Defendants on an agreed transfer to the Central District of California. It is Plaintiff's understanding that: (1) . . . the Earthbound Defendants do not consent to transfer; (2) Defendant Burgess Group consents to transfer and will not contest personal jurisdiction in California; (3) Defendants Mane and Gala NA would consent to transfer but would contest personal jurisdiction in California.

(Doc. 105, p. 2). In summary, then, the Plaintiffs are already litigating *Gibson v. Walmart* in California, and all parties to the instant case except the Earthbound Defendants consent to transfer. *See also* Doc. 62 (Mane's Motion) (requesting, in the alternative to

dismissal, that "the Court . . . at a minimum should transfer to the Central District of California . . . .").

Additionally, the Court finds in its discretion that the interests of justice will be best served by transfer with respect to the consenting parties, as judicial resources will be used more efficiently by adjudicating the parallel cases in one jurisdiction. Because the defendants in the *Gibson v. Walmart* are significant players in the BHG Aromatherapy Product's supply chain, separating them is inefficient. Beginning at the point of sale, Plaintiffs' claims arise from an allegedly contaminated BHG Aromatherapy Product that they purchased at a Walmart store. And moving up the supply chain to import and manufacturing, Gala NA, Flora Classique, and Ramesh Flowers Private Limited are all subsidiaries of the same corporate conglomerate, Gala Group. *See* Doc. 90-1, p. 8 ("Gala Group Corporate Structure").[3] Gala NA contends that, although it is a subsidiary of Gala Group, it *"had no involvement with the product at issue* and is *not* the parent company of Ramesh Flowers or Flora Classique." *Id.* at 10 (emphasis in original). Plaintiffs countered in the Case Management Hearing that they obtained confidential discovery documents in *Gibson v. Walmart* that show otherwise. However, Plaintiffs explained that they could not reveal these documents to *this* Court in *this* litigation due to confidentiality restrictions. Regardless of whether Plaintiffs sued the right subsidiary in the instant case, these parallel-party and confidentiality issues show that such questions are best answered by one court. Moreover, the Central District of California is currently considering consolidating the *Gibson v. Walmart* and *Rist v. Walmart*, the latter of which presents a

---

[3] Indeed, Gala NA and Flora Classique are represented by the same counsel.

*third* parallel action to the case at bar. The Court is persuaded that in this posture, efficiency weighs in favor of transfer with respect to the consenting parties.

However, the Court is also persuaded that the interests of justice counsel in favor of severing Plaintiffs' claims against the Earthbound Defendants so that they can remain in this District. Federal Rule of Civil Procedure 21 states that a court may, at any time, "on just terms . . . . sever any claim against a party." "Severance under Rule 21 . . . is appropriate in actions in which venue is improper as to some but not all defendants." 7 Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure § 1689 (2019). And "[e]ven when venue is proper as to all defendants, the court may sever a claim against a party and transfer it to a more convenient forum." *Id.* (citing *Wyndam Associates v. Bintliff*, 398 F.2d 614, 618–19 (2d Cir. 1968) (holding that when the administration of justice would be materially advanced by severance and transfer, the district court may properly sever claims against one or more defendants for the purpose of permitting transfer of the action against the other defendants.)). Here, the Earthbound Defendants maintain that they "had no involvement in formulating, assembling, marketing, supplying, importing, distributing, inspecting, or testing [ ] the BHG Aromatherapy Product," (Doc. 77, p. 7), that their "role was limited to the development of the product concept and review of the product's aesthetics," *id.*, and that this work was conducted in the Western District of Arkansas. Because the Earthbound Defendants allegedly played a distinct, limited role in the BHG Aromatherapy Product supply chain and do not consent to transfer, the Court finds that severance is appropriate with respect to Plaintiffs' claims against them.

### III. CONCLUSION

**IT IS THEREFORE ORDERED** that Mane's Motion to Dismiss, Motion to Strike, or in the Alternative, Motion to Transfer Plaintiff's First Amended Complaint (Doc. 62) is **GRANTED IN PART AND DENIED IN PART WITHOUT PREJUDICE**; Gala NA's Motion to Dismiss and Motion to Strike Plaintiffs' First Amended Complaint (Doc. 65) is **DENIED WITHOUT PREJUDICE**; and Plaintiffs' Motion for Leave to File Sur-Reply to Gala NA's Motion (Doc. 106) is **MOOT**.

**IT IS FURTHER ORDERED** that Plaintiffs' claims against Defendants Earthbound Licensing, LLC, Earthbound, LLC, and Earthbound PW LLC are hereby **SEVERED** from the claims against the other Defendants.

**IT IS FURTHER ORDERED** that Plaintiffs file an amended complaint in the instant case within twenty-one (21) days that sets forth only their claims against Earthbound Licensing, LLC, Earthbound, LLC, and Earthbound PW LLC. Upon receipt of the amended complaint, the Clerk of Court is **DIRECTED** to file it in this Division, using a new case number, and to style the case as *Gibson v. Earthbound Licensing, LLC, et al.* The Clerk is further **DIRECTED** to assign the new case to the undersigned, and to refrain from collecting a filing fee from Ms. Gibson to open it. The Clerk should include in the docket of this new case the amended complaint and the instant Order. The Court intends to issue a final case management order in the new case.

**IT IS FURTHER ORDERED** that the Clerk of the Court immediately **TRANSFER** this matter with respect to the remaining Defendants—Robert Burgess d/b/a Burgess Group a/k/a Bob Burgess and Associates; Mane USA, Inc.; and Gala North America, Inc.—to the United States District Court for the Central District of California (Eastern

Division—Riverside) pursuant to 28 U.S.C. § 1404(a). Before doing so, the Clerk of Court is **DIRECTED** to restyle the instant case as *Gibson v. Robert Burgess d/b/a Burgess Group a/k/a Bob Burgess and Associates, et al.* The transfer order should note this case's similarity to *Wesley Gibson et al v. Walmart Inc. et al*, Case No. 5:22-cv-00238-JWH-DTB (C.D. Cal.).

      **IT IS SO ORDERED** on this 23rd day of April, 2024.

 

 

_____

TIMOTHY L. BROOKS

UNITED STATES DISTRICT JUDGE